UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

AUGUSTIN RUBIO-GARCIA,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

4:14-cv-158
4:13-cr-116-3

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Augustin Rubio-Garcia has filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. CV ECF No. 1.[1] For the reasons set forth below, Rubio-Garcia's petition should be **DENIED**.

## STATEMENT OF THE CASE

On September 27, 2013, Rubio-Garcia pleaded guilty to transferring a sawed-off shotgun, in violation of 26 U.S.C. §§ 5861(e), 5871. CR ECF Nos. 85; 163.[2] After accepting Rubio-Garcia's plea, the Court sentenced him to 57 months' imprisonment. CR ECF No. 85. Then, on July 25, 2014, Rubio-Garcia filed a § 2255 motion alleging as grounds entitling him to relief that he received ineffective assistance of counsel and that the Government breached the plea agreement. CV ECF No. 1. The Government timely responded to that motion. CV ECF No. 3.

On January 22, 2015, United States Attorney Edward J. Tarver disclosed to the Court information regarding an "improper relationship" between Assistant United States Attorney ("AUSA") Cameron Ippolito and ATF Special Agent Lou Valoze. *In re Cameron Ippolito &*

---

[1] Citations to CV ECF refer to docket entries in *Rubio-Garcia v. United States*, 4:14-cv-158.
[2] Citations to CR ECF refer to docket entries in *United States v. Rubio-Garcia*, 4:13-cr-116-3.

*Lou Valoze*, 2015 WL 424522, at *1 (S.D. Ga. Jan. 30, 2015). The Court ordered that the United States Attorney "submit a list of all cases . . . in which AUSA Ippolito and Agent Valoze collaborated." *Id.* Rubio-Garcia's criminal case was among those cases that the United States Attorney identified to the Court.

In the wake of this revelation, Rubio-Garcia sought leave to supplement his original § 2255 petition. CV ECF No. 7. The Court granted leave, CV ECF No. 9, and Rubio-Garcia supplemented his petition to incorporate a claim related to the newly revealed information, CV ECF No. 10.

## DISCUSSION

Rubio-Garcia seeks relief on three separate grounds. First, he argues that his counsel at sentencing was ineffective for failing to argue for a sentencing adjustment and for failing to discuss with him an appeal of his sentence. CV ECF No. 1 at 4, 7. Second, he argues that his guilty plea was involuntary because he was not informed that other conduct could be considered at sentencing. *Id.* at 8. Third, he argues that the Government breached the plea agreement it made with him and that the improper relationship between Ippolito and Valoze demonstrates this. CV ECF No. 10 at 2-5. None of Rubio-Garcia's arguments justify granting him relief.

## I.     Ineffective Assistance Claims

The United States Constitution grants to all criminal defendants the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 684-85 (1984). To prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate (1) his counsel's performance was deficient, i.e., the performance fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result of that deficient performance. *Id.* at 685-86. The deficient performance requirement concerns "whether counsel's advice was within

2

the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). "There is a strong presumption that counsel's conduct fell within the range of reasonable professional assistance." *Davis v. United States*, 404 F. App'x 336, 338 (11th Cir. 2010) (citing *Strickland,* 466 U.S. at 689). "It is petitioner's burden to 'establish that counsel [performed] outside the wide range of reasonable professional assistance' by making 'errors so serious that [counsel] failed to function as the kind of counsel guaranteed by the Sixth Amendment.'" *LeCroy v. United States*, 739 F.3d 1297, 1312 (11th Cir. 2014) (second alteration in original) (quoting *Butcher v. United States*, 368 F.3d 1290, 1293 (11th Cir. 2004)). "Showing prejudice requires petitioner to establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quotation marks omitted). "The prejudice prong requires a petitioner to demonstrate that seriously deficient performance of his attorney prejudiced the defense." *Id.* at 1312-13 (quoting *Butcher*, 368 F.3d at 1293).

### A. Failure to Object to Request a Sentencing Adjustment

Rubio-Garcia argues that his attorney was ineffective because she did not argue for an adjustment in his sentencing calculations under U.S.S.G. § 3B1.2(b). CV ECF No. 1 at 20.

§ 3B1.2(b) requires that a defendant's offense level be decreased by two levels "[i]f the defendant was a minor participant in any criminal activity." Importantly, a defendant does not merit any reduction unless he is "substantially less culpable than the average participant." U.S.S.G. § 3B1.2(b), comment. n.3(A). In addition, he cannot qualify for a "minor role" reduction unless he is "less culpable than most other participants." *Id.*, comment. n.5. The defendant must prove a mitigating role in the offense by a preponderance of the evidence. *United States v. Rodriguez De Varon*, 175 F.3d 930, 939 (11th Cir. 1999).

Here, Rubio-Garcia offers nothing substantial in his petition to support his claim that he should have received a minor role reduction. The Court is never "required to find, based solely on the defendant's bare assertion," that a role adjustment is warranted. U.S.S.G. § 3B1.2(b), comment. n.3(C). In short, Rubio-Garcia's conclusory allegation that he was only a minor minimal participant in the conspiracy "lacks merit and need not be discussed at length." *See Godbee v. United States*, 2006 WL 717216, at *7 (S.D. Ga. Mar. 17, 2006).

Rubio-Garcia offers nothing to demonstrate that he suffered any prejudice as a result of his attorney's failure to argue for an adjustment. Therefore, he should be granted no relief on this count.

### B. Failure to Consult Regarding an Appeal

Rubio-Garcia also argues that his attorney was ineffective for failing to consult with him about the advantages and disadvantages of filing an appeal. CV ECF No. 1 at 14. Such a failure could constitute ineffective assistance. But that is not what happened here.

"A lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). Even if a client has not made a specific request of his attorney to file an appeal, "counsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal . . . , or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. The denial of an appeal as a result of ineffective assistance of counsel, deprive the accused of counsel at a "critical stage" and therefore carry a presumption of prejudice. *Id.* at 483. But "counsel's deficient performance must actually cause the forfeiture of the defendant's appeal." *Id.* at 484. Thus, to invoke the presumption of prejudice, "a defendant

must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* "When counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Id.* "The duty to consult includes two obligations: to advise the client 'about the advantages and disadvantages of taking an appeal,' and to make a 'reasonable effort to discover' whether the client wants to appeal." *Baughman v. United States*, 319 F. App'x 866, 869 (11th Cir. 2009) (quoting *Flores-Ortega*, 528 U.S. at 471).

Here, Rubio-Garcia's attorney met both obligations. She discussed an appeal with him. CR ECF No. 86. The post-conviction consultation certification, which Rubio-Garcia signed, indicates that his attorney explained the consequences of not appealing and that he decided not to do so. *Id.* On his portion of that certification, Rubio-Garcia indicated that "My attorney has advised me about the advantages and disadvantages of pursuing an appeal" and that "I have decided not to file an appeal, and my attorney has explained to me the consequences of failing to do so." *Id.* at 2. On the opposing side, Rubio-Garcia provides no evidence that he ever timely instructed his attorney to file an appeal. Thus, the attorney met all her constitutional obligations.

Rubio-Garcia has failed to show that his attorney provided ineffective assistance, since his attorney did advise him about the benefits and disadvantages of filing an appeal. Therefore, he should not be granted relief on this count.

## II.    The Use of Relevant Conduct at Sentencing

Rubio-Garcia also argues that his guilty plea was involuntary because he was not informed prior to sentencing that other relevant conduct could be taken into consideration by the sentencing judge. CV ECF No. 1 at 22-23. The record squarely contradicts this claim.

During the Rule 11 colloquy, the Court asked Rubio-Garcia whether he understood that even uncharged conduct could play a role in his sentence. CR ECF No. 163 at 15. Rubio-Garcia answered that he understood. *Id.* The Court then asked his attorney whether she had explained this issue to him, and she answered that she had. *Id.* In addition, the plea agreement explained that the Court would consider all relevant conduct in determining his sentence. CR ECF No. 81 at 8. Rubio-Garcia signed this plea agreement, certifying that he read and understood it. *Id.* at 13; *see also* CR ECF No. 163 at 19 (testifying that his signature appeared on the plea agreement).

Since the record clearly demonstrates that Rubio-Garcia was informed that relevant conduct could be taken into account by the Court at sentencing, he should be granted no relief on this count.

## III.  The Plea Agreement

Finally, Rubio-Garcia argues that the Government breached the plea agreement when it declined to file a motion requesting that his sentence be reduced. CV ECF No. 1 at 16-19. In the plea agreement, Rubio-Garcia agreed to cooperate with the Government by testifying truthfully about the crimes in which he was involved. CR ECF No. 81 at 5-6. In return, the Government agreed to "consider" whether his cooperation warranted the filing of a Rule 35 motion.[3] *Id.* at 6-7. The Government filed no such motion; indeed, when Rubio-Garcia petitioned the Court to require the Government to file a Rule 35 motion, the Court denied his request. *See* CR ECF No. 160.

"Under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, the government has 'a power, not a duty, to file a motion when a defendant has substantially assisted.'" *United States v. Nealy*, 232

---

[3] A motion under Federal Rule of Criminal Procedure 35(b)(2), the court may reduce a defendant's sentence upon the Government's motion that the defendant provided "substantial assistance."

F.3d 825, 831 (11th Cir. 2000) (quoting *Wade v. United States*, 504 U.S. 181, 185 (1992)). "[F]ederal district courts only have authority to review the government's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive." *United States v. Gilmore*, 149 F. App'x 883, 887 (11th Cir. 2005) (citing *Wade*, 504 U.S. at 185-86). To the extent that a defendant "relie[s] on evidence supporting his claim that his assistance to the government was substantial, or on general allegations of improper motive, these allegations also [a]re insufficient to justify judicial review." *Id.* at 888. Review of the government's refusal to file a Rule 35 motion is thus limited to claims of unconstitutional motive. *See United States v. Nealy*, 232 F.3d 825, 831 (11th Cir. 2000) (finding that the government may decline to file a substantial assistance motion for reasons other than the nature of the defendant's assistance); *see also Williams v. United States*, 2007 WL 3231678, at *2 (S.D. Ga. Oct. 29, 2007) (observing that review "of the government's decision not to file a substantial assistance motion [is limited] to cases charging an unconstitutional motive").

Rubio-Garcia has not alleged that the Government failed to file a Rule 35 motion as a result of unconstitutional motives. He argues only that the Government improperly failed to characterize his testimony at another defendant's trial as substantial assistance. CV ECF No. 1 at 17. Since this is not a constitutional claim, his allegations are not subject to judicial review.[4]

Rubio-Garcia also claims that the existence of an improper relationship between AUSA Ippolito and Agent Valoze is further evidence of the Government's misconduct, arguing that the investigation into their relationship "indisputably reveals" that his trial testimony was truthful.

---

[4] Even if the Court were to review Rubio-Garcia's claim that the Government failed to honor the plea agreement, it is difficult to see how the Government failed to "consider" whether he provided substantial assistance, which is all it agreed to do. CR ECF No. 81 at 6. Rubio-Garcia also agreed that "if there is any failure to completely fulfil the obligations of this agreement, the government is thereby released from any commitment to honor its promises hereunder." *Id.* at 5.

CV ECF No. 10 at 5. But the relationship between AUSA Ippolito and Agent Valoze reveals nothing of the kind. While improper, their relationship had no discernable impact on Rubio-Garcia's testimony. Rubio-Garcia provides no argument—let alone evidence—that their relationship violated his constitutional rights. Thus, his claim that the Government failed to fulfill the plea agreement is also not subject to judicial review.

For these reasons, Rubio-Garcia should not be granted relief on this count.

## IV.    Rubio-Garcia's Request for an Evidentiary Hearing

Rubio-Garcia has also requested an evidentiary hearing on his ineffective assistance claims. CV ECF No. 1 at 25. The Court recognizes that, in the Eleventh Circuit, the general rule is "that effective assistance claims will not be addressed on direct appeal from a criminal conviction because an evidentiary hearing, available in a section 2255 proceeding, is often required for development of an adequate record." *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984). Nonetheless, this general rule does not require the Court to hold an evidentiary hearing every time an ineffective assistance of counsel claim is raised. *Id.* Stated another way,

> [I]t is well settled that a petitioner does not establish his right to a hearing by the simple expedient of filing a petition. A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record.

*Stephens v. United States*, 14 F.Supp.2d 1322, 1334 (N.D. Ga. 1998) (quoting *United States v. Guerra*, 588 F.2d 519, 520-21 (5th Cir. 1979)).

As described in detail above, the Court finds that because Petitioner's claims are affirmatively contradicted by the record, procedurally barred, or otherwise fail as a matter of law, no evidentiary hearing is necessary in this case.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Rubio-Garcia's § 2255 petition be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 15th day of July 2015.

_____
JAMES E. GRAHAM
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA